UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH KENNEY<br>5857 Lake Pine Rd<br>Vero Beach, FL 32967<br><br>*Plaintiff*,<br><br>v.<br><br>CHRISTINE WORMUTH,<br>*in her official capacity only, as*<br>Secretary of the Army<br>Department of the Army<br>101 Army Pentagon<br>Washington, DC 20310-0101<br><br>*Defendant*. | Civil Action No. |

**COMPLAINT IN A CIVIL CASE**

Plaintiff Joseph Kenney ("Plaintiff"), by and through undersigned counsel, respectfully brings this civil action against Defendant Christine Wormuth ("Defendant"), in her official capacity as U.S. Secretary of the Army. Plaintiff asks this Court to hold that Defendant, through the Army Board of Correction for Military Records (ABCMR), has arbitrarily, capriciously, and contrary to law denied Plaintiff's application to correct his military record, and that such denial is unlawful under the Administrative Procedure Act (APA). Plaintiff further asks the Court to order Defendant Department of the Army to convene a Special Selection Board (SSB) to consider Plaintiff for promotion pursuant to the 2005 Judge Advocate General's Corps (JAG) Reserve Colonel (COL) promotion criteria. As grounds therefor, Plaintiff alleges:

## PARTIES

1. Plaintiff was a commissioned officer in the United States Army Active and Reserve Components from July 20, 1983, until his assignment to the Retired Reserve on November 30, 2008.

2. Defendant is the U.S. Secretary of the Army and is named in her official capacity as the head of the Department of the Army.

## JURISDICTION AND VENUE

3. This claim is brought under the APA. Therefore, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 704. The declaratory relief requested herein is proper under 5 U.S.C. § 706(2).

4. Venue in this District is proper pursuant to 28 U.S.C. §1391(e)(1) as Defendant resides and is served in this District.

## INTRODUCTION

5. Plaintiff seeks relief from a 2021 ABCMR decision denying Plaintiff's request to convene an SSB for the 2005 JAG Corps Reserve COL promotion board. From 2009-2021, through multiple requests to the Army's Human Resources Command (HRC) and the ABCMR, Plaintiff sought corrections to his military records in order to receive proper review from a promotion special selection board. After identifying errors contained in his military records, and after the ABMCR previously ordered two SSBs for the 2006 and 2008 promotion boards, Plaintiff sought, and was denied, relief to have a subsequent SSB convened for the 2005 JAG Corps Reserve COL Board.

6. Plaintiff had a successful career as an officer in the U.S. Army Reserve, having entered service in 1983 and achieved the rank of Lieutenant Colonel by 2002. However, he was not selected for promotion by his branch's JAG Corps Reserve COL mandatory selection board when it convened in 2005. Plaintiff was competitive for promotion with numerous accomplishments and performance

evaluations indicative of favorable promotion potential. Plaintiff was also not selected for promotion boards for promotion in the years of 2006 and 2008. There was no promotion board held for Plaintiff in 2007. In 2009, Plaintiff discovered errors within the promotion board files and the ABCMR directed an SSB for the 2006 and 2008 promotion boards. The 2006 SSB was held, but the 2008 SSB was delayed.

7.  After receipt of documents from a Freedom of Information (FOIA) request in 2016, Plaintiff discovered 14 missing Officer Evaluation Reports (OERs) from his 2005 promotion board file. Plaintiff sought relief from the ABCMR to obtain an SSB for the 2005 promotion board based on the new material and errors discovered. The ABCMR's decision contained facts and chronology regarding the 2006 and 2008 SSBs, but his request for an SSB for the 2005 promotion board was inexplicably denied—a decision which he now challenges in this present lawsuit.

## STATEMENT OF FACTS

### Military Service History and Promotion Potential

8.  Plaintiff was commissioned a Second Lieutenant in the U.S. Army Reserve on July 20, 1983 with a call to active duty service. After several periods of active duty and reserve service, Plaintiff retired from the Army Reserve on November 30, 2008. Plaintiff was placed on the retired list effective August 4, 2021. He retired at the rank of Lieutenant Colonel after twenty-five years of military service.

9.  Plaintiff entered service in Army Aviation as a UH-60 "Blackhawk" helicopter pilot. He was promoted to First Lieutenant on March 30, 1985, and later promoted to Captain on September 1, 1987. In late 1990, he deployed for service in Operation Desert Shield/Desert Storm. Plaintiff transitioned from active duty to the Army Reserve on September 30, 1992 after nine years of active service. Plaintiff continued to serve in the Army Reserve and was promoted to Major on July 19, 1995.

10. Plaintiff moved from a combat arms occupation specialty to the JAG Corps on January 21, 1998. He remained in the Army Reserve and completed the Judge Advocate Advanced Course and

the Command and General Staff College. Plaintiff was promoted to Lieutenant Colonel on March 19, 2002.

11. Plaintiff mobilized for active duty as a Judge Advocate for 18 months from January 27, 2003, until July 13, 2004, in support of Operation Iraqi Freedom/Operation Enduring Freedom. As of June 2005, Plaintiff was "in-zone" and competitive for promotion to Colonel/O-6.

### Promotion Boards Convened in 2005, 2006, and 2008

12. In preparation for the 2005 promotion board's consideration, Plaintiff submitted a letter in support of his promotion on June 18, 2005. Plaintiff acknowledged that he had reviewed his promotion board file[1] and noted his prior command experience, combat arms experience, mobilization, and experience as a JAG Officer. On July 12, 2005, the promotion board convened. Plaintiff was later informed on November 17, 2005, he was not selected for promotion.

13. On October 31, 2006, Plaintiff was notified that he was again considered, but not selected for promotion. Plaintiff was not selected on the 2008 promotion board, and in October 2008 submitted a request for transfer to the Retired Reserve. Plaintiff was transferred to the Retired Reserve effective November 30, 2008.

### Errors in the Promotion Board Packages

14. In November 2008, Plaintiff requested the HRC Inspector General remove a "derogatory document" from his "viewable" military record to the "non-viewable" restricted file. The request was approved, and Plaintiff received confirmation of removal on December 10, 2008.

15. Plaintiff still had concerns that this derogatory document had been viewed by his previous promotion boards and was a reason for his non-selection. The derogatory document was a 2002

---

[1] Plaintiff reviewed his promotion board file via the U.S. Army's online portal for personnel records.

letter denying Plaintiff's request to have certain OERs modified. Specifically, the letter originated from the Deputy Chief of Staff for Personnel (DCSPER) with the subject line "ER APPEAL" and contained a discussion of his request and DCPERS's denial. Plaintiff had later appealed the 2002 DCSPER decision to the ABCMR. In 2003, the ABCMR overruled HRC and granted Plaintiff relief by modifying two of his OERs. The DCSPER's 2002 letter of denial should have been placed in the Restricted portion of Plaintiff's file, pursuant to paragraph 9(a)(4) of Headquarters Department of the Army (HQDA) Policy Notice 600-4, where it would have been unviewable by subsequent promotion boards.[2] The concern with having the derogatory letter in the performance file is that a promotion board would negatively view the letter and potentially deny selection for promotion because of its unfavorable correspondence.

### 2009 Request to ABCMR for Relief: Promotion or SSB

16. After concluding the derogatory letter may have been viewed by his promotion boards, Plaintiff submitted a petition to the ABCMR on July 16, 2009, seeking promotion to COL, or, alternatively, directing an SSB. On April 29, 2010, the ABCMR directed that an SSB be granted on the basis that the promotion board may have viewed the letter that contained derogatory information.[3] The 2009 ABCMR decision determined that the derogatory documents were likely viewable by the 2006 and 2008 promotion boards due to their location in the "performance" portion of the Board file. Although not addressed by the 2009 ABCMR decision or known to Plaintiff, the derogatory letter may have also been viewable by the 2005 promotion board at the time of its convening.

---

[2] HQDA Policy Notice 600-4 provides at para. 9(a)(4) "Approved OER appeals result in amendment, revision, or elimination of the reports in question. Correspondence on appeals denied after 1 May 1978 is placed on the restricted portion of the AMHRR [Army Military Human Resources Record]. No stigma will be attached to the fact that an OER appeal was not favorably considered. The board must draw no adverse inference from revised or omitted documents in the AMHRR that may result from a successful OER appeal."

[3] The ABCMR's decision is reflected in AR 20090012231.

17. The 2009 ABCMR decision directed two SSBs to be convened under the 2006 and 2008 COL JAG Corps Department of the Army Reserve Component Selection Board Criteria. On or about February 8, 2013, Plaintiff was notified that the 2006 SSB had been held and that he was not selected for promotion from that SSB.

18. In the February 8, 2013 correspondence, Plaintiff was not informed of any results regarding the convening of the 2008 SSB. Plaintiff awaited the convening of the 2008 SSB, but it was not completed until several years later.

**Discovery in 2016 of Errors from the 2005 Promotion Board**

19. While the 2008 SSB was still pending in 2016, Plaintiff submitted a FOIA request to obtain his promotion board files from the 2005 and 2006 promotion boards as well as the 2006 SSB.

20. On or about February 17, 2016, Plaintiff received a copy of his 2005 and 2006 promotion board files to include notification memoranda from the 2005 and 2006 Promotion Boards packages. He also received files from the 2006 SSB (conducted in 2010).

**Convening of the SSB for the 2008 Promotion Board**

21. Over a year had passed and Plaintiff had still not received a response concerning the SSB for the 2008 promotion board. On or about July 17, 2017, Plaintiff was informed by the U.S. Army's HRC that they had not been able to locate the record for the 2008 SSB. Plaintiff was advised that HRC would continue to pursue the 2008 SSB as directed from the previous ABCMR order. Later, on September 11, 2017, the Army Review Boards Agency informed Plaintiff that they would continue to review Plaintiff's military records for a second SSB based on FY 2008 criteria and that Plaintiff would be notified of the SSB by electronic mail.

22. Concerned not only about the pending SSB for the 2008 Board, Plaintiff, after review of the materials received from the FOIA request, believed his promotion board convened in 2005 also

contained material errors. Plaintiff inquired with HRC about obtaining an SSB for the 2005 promotion board. On September 30, 2019, Plaintiff was informed by HRC that since he was no longer assigned to an Active Duty List or Reserve Active Status List, he would need to submit future requests concerning any SSB to the ABCMR.

23. On or about October 29, 2019, Plaintiff was informed that the SSB for the 2008 promotion board would be convened. The SSB for the 2008 promotion board did not select Plaintiff for promotion.

### ABCMR Petition for an SSB for the 2005 Promotion Board

24. From the FOIA materials received in 2016, Plaintiff discovered that fourteen (14) OERs were not included in the package submitted before the promotion board held in 2005. After concluding that substantial material errors were present in his promotion files during the promotion board held in 2005, Plaintiff petitioned the ABCMR for a new SSB based on the 2005 JAG Corps Reserve COL promotion board criteria.

25. On November 7, 2019, Plaintiff petitioned the ABCMR seeking an SSB for the 2005 promotion board on the basis that substantial material error existed due to fourteen (14) missing OERs in the 2005 promotion Board package. Although Plaintiff had reviewed his OMPF online prior to the board's convening in 2005, he did not know what the 2005 promotion board had actually viewed until he received the responsive documents from the FOIA request, revealing fourteen OERs omitted from the package. Among those missing OERs were six OERs pertaining to his service and performance as a Judge Advocate. Further, the promotion board only reviewed one "above center mass" OER but should have reviewed two "above center mass" OERs.

26. The fourteen missing OERs created a false impression to the promotion board members that Plaintiff was inexperienced as a JAG Corps lawyer, and thus, not part of the best and most qualified COL JAG Corps officers to be selected for promotion in 2005.

27. Army Regulation (AR) 135-155[4], paragraph 3-19 (a)(c), authorized the convening of an SSB:

> to correct/prevent an injustice to an officer or former officer who was eligible for promotion but whose records— (1)Through error, were not submitted to a mandatory promotion selection board for consideration. (2) Contained a material error when reviewed by the mandatory selection board.

The regulation further provided at paragraph 3-19(e)(2)-(3) that a finding of "material error" could result if there is a fair risk that "[o]ne or more of the evaluation reports seen by the board were later deleted from an officer's OMPF" or "[o]ne or more of the evaluation reports that should have been seen by a board (based on the announced cut-off date) were missing from an officer's OMPF."

28. HQDA Policy Notice 600-4, provides guidance to promotion boards at paragraph 9 (a), stating the OER is "the basic and most important document in an officer's record." This policy notice clearly demonstrates the importance of the OERs to promotion boards, and the absence of OERs in the 2005 promotion constituted material error. Additionally, AR 135-155 and 10 U.S.C. § 1405 permits the AMBCMR to direct an SSB as a form of relief, and if the SSB results in Plaintiff's selection, the ABCMR may correct Plaintiff's records to reflect the promotion.

---

[4] AR 135-155 dated July 13, 2004 was in effect at the time of the ABCMR's 2021 decision that is subject to this Complaint. AR 135-155 was revised on December 13, 2022. The updated AR 135-155 provides, in paragraph 6-13(a)(3), "Officers who discover that a material error existed in their file at the time they were nonselected for promotion may request reconsideration if—…(3) [o]ne or more of the evaluation reports that should have been seen by a board (based on the announced cutoff date) were missing from an officer's AMHRR [Army Military Human Resources Record)."

29. Procedurally, Plaintiff had delayed submitting the 2019 petition because the 2008 SSB was still pending, and he had also contacted HRC to determine if HRC would direct an SSB based on the missing OERs. Upon HRC's confirmation that the ABCMR was the proper agency for relief, Plaintiff submitted the petition requesting an SSB for the 2005 promotion board.

30. On October 29, 2021, the ABCMR denied Plaintiff's petition requesting an SSB for the 2005 promotion board. In its decision, the ABCMR provided an inventory of documents it considered in reaching its decision. The ABCMR concludes its opinion by stating:

> ggg. Memorandum - Subject: SSB Consideration, dated 8 June 2010, reflective of a request from HRC to have the applicant considered for promotion by a SSB board under the same criteria and instructions established for the 2006 COL JAG Corps Selection Board that convened on 7 August 2006 and adjourned on 11 August 2006. The ABCMR directed in proceedings AR20090012231, dated 29 April 2010, that a SSB be granted based on the applicant receiving documents that contained derogatory information and his belief they were seen by the selection board. This office conducted a thorough review of the board consideration file and revealed two modified officer evaluation reports in accordance with their proceedings but no derogatory documents…. After reviewing the application, all supporting documents, and the evidence found within the military record, the Board found that relief was not warranted. The applicant's contentions, the military record, and regulatory guidance were carefully considered. The Board also considered the circumstances and events related to the previous SSBs.

31. The ABCMR did not provide any analysis or rationale as to its decision denying the relief requested of convening an SSB for the 2005 COL JAG Corps Selection Board that originally convened on July 12, 2005. The ABCMR's decision provides a laundry list of documents submitted by Plaintiff for the ABCMR's consideration in addition to a confusing chronology with unexplainable delay in convening the SSB for the 2008 promotion board.

32. Further, the ABCMR's decision provides no reason as to why it denied Plaintiff's petition when Plaintiff clearly showed that fourteen OERs were missing from the 2005 promotion board file. The ABMCR acknowledged that Plaintiff asserted that fourteen OERs were absent from the 2005

9

promotion file, with six of the reports being from Plaintiff's branch specialty (JAG Corps) and one of the missing OERs being a positive "above center-mass" report. Yet, the ABCMR provided no analysis or rationale as to how the absence of these OERs in the 2005 promotion file did not constitute material error or did not result in an injustice.

33. The ABCMR's decision recounts the 2009 ABCMR decision directing two SSBs for 2006 and 2008 COL JAG Corps Selection Boards that took nearly 10 years to complete. The ABCMR's decision at paragraph "ggg" implies that because Plaintiff was not selected for promotion from these two SSBs (2006 and 2008 JAG Corps Reserve COL), Plaintiff would also not have been selected at an SSB convened for the 2005 JAG Corps Reserve COL criteria.

## CAUSE OF ACTION ONE
### (Administrative Procedure Act)

**THE ABCMR'S DECISION TO DENY RELIEF WAS ARBITRARY, CAPRICIOUS AND CONTRARY TO LAW BY FAILING TO ARTICULATE A REASON FOR ITS DENIAL.**

34. Plaintiff incorporates by reference herein paragraphs 8-33 of this Complaint.

35. This decision was arbitrary, capricious, and contrary to law because the ABCMR did not articulate any rationale for its decision to deny relief for Plaintiff.

36. In his petition to the ACBMR, Plaintiff sought relief in the form of requesting an SSB for his 2005 promotion board on the basis that its failure to consider fourteen OERs during the selection process constituted material error resulting in injustice.

37. Not only did the ABCMR fail to address whether the missing OERs constituted material error warranting a new SSB, the Board's decision only provided minimal acknowledgment of the missing OERs.

38. The ABCMR makes a general conclusory statement that relief was not granted "after reviewing the application, all supporting documents, and the evidence."

39. The ABCMR also failed to articulate how Plaintiff's alleged errors were "not adequately supported by the evidence," as required by paragraph 1-8(d) of AR 15-185.

40. The ABCMR ultimately denied Plaintiff's application without stating a "rationale" for its denial, as required by paragraph 2-13 of AR 15-185.

41. Had the ABCMR determined that missing OERs constituted material error within the 2005 promotion board, the ABCMR should have then directed an SSB, pursuant to paragraph 1-8(b) of AR 15-185, as it had done in its 2009 decision.

42. The ABCMR's 2021 decision appears to confound the issues with the two prior SSBs convened at the direction of its 2009 decision and the issues presented with the 2019 petition by Plaintiff seeking an SSB for the 2005 promotion board due to the missing OERs. While the facts and issues of Plaintiff's 2019 petition are somewhat related to the convening of the SSBs for the 2006 and 2008 promotion boards, they are not materially related to the purpose for requesting an SSB for the 2005 promotion board. Plaintiff had an independent basis for requesting an SSB for the 2005 promotion board—fourteen missing OERs.

43. The ABCMR's failure to provide analysis on this issue or explain its rationale for denial is therefore arbitrary, capricious, and contrary to law, and this Court should so hold.

## CAUSE OF ACTION TWO
### (Administrative Procedure Act)

**THE ABCMR'S DECISION WAS ABITRARY, CAPRICIOUS, AND CONTRARY TO LAW BECAUSE THE ABCMR INCORRECTLY CONSIDERED IRRELEVANT FACTS AND CIRCUMSTANCES OF UNRELATED SPECIAL SELECTION BOARDS.**

44. Plaintiff incorporates by reference herein paragraphs 8-33 of this Complaint.

45. The ABCMR's decision is arbitrary, capricious, and contrary to law because the ABCMR improperly considered the circumstances and events related to the previous SSBs.

46. Pursuant to paragraph 3-20 of AR 135-155, in reviewing Plaintiff's application, an SSB would retrospectively view Plaintiff's 2005 promotion board file as it "should have been considered by the original board."

47. The Army provides guidance to promotion board members when considering officers for promotion who have previously been non-selected. The HQDA Policy Notice 600-4 at Appendix B-1(b) provides that "[n]o officer may be nonselected for promotion solely because of a previous nonselection. Nonselection is not a stigma."

48. In its denial of Plaintiff's petition, the ABCMR considered the results of the two previous SSBs (2006 and 2008 promotion boards). That consideration was contrary to Army regulations and to the HQDA Policy Notice because the ABCMR considered Plaintiff's non-selection for promotion at the SSBs as a cause for denying the relief. Prior board results are not a proper consideration for future boards.

49. The circumstances and events of the two prior SSBs were irrelevant to granting an SSB for the 2005 promotion board as the two previous SSBs were ordered by the ABCMR for a separate basis for relief (*i.e.*, presence of the derogatory letter with the 2006 and 2008 boards). Ultimately, the ABCMR's consideration of the results of two previous SSBs tainted the review process for Plaintiff's 2019 ABCMR petition for the 2005 SSB by considering irrelevant, prejudicial content.

50. The only relevance that the two prior SSBs had to Plaintiff's 2019 ABCMR petition was that Plaintiff delayed submitting his petition due to the pending SSBs. Plaintiff had delayed submitting the petitions because the 2008 SSB was pending, and he also contacted HRC to determine if they would direct an SSB based on the missing OERs. Once HRC confirmed that the ABCMR was the proper agency for relief, Plaintiff submitted the petition requesting an SSB for the 2005 promotion board.

51. The ABCMR's consideration of the 2006 and 2008 SSBs was prejudicial and stigmatizing because Plaintiff was denied selection from those two boards. Thus, the ABCMR's

consideration of the two SSBs with its non-selections results provided the wrong impression that Plaintiff was not entitled to relief of receiving another SSB. In fact, Plaintiff had independent grounds for the relief, which pre-dated the other two SSBs.

52. It is evident that the ABCMR relied on the results of the other two SSBs by stating it found "no derogatory document" which was the basis for relief for Plaintiff's 2009 ABCMR petition. This confusing statement at paragraph "ggg" of ABCMR's decision has no relevance to the determination of material error from the fourteen missing OERs in the 2005 promotion board. Further, the HRC Inspector General had removed the "derogatory document" in 2008, so the ABCMR members would not have seen it.

53. Accordingly, the ABCMR's decision was arbitrary, capricious, and contrary to law, and this Court should so hold.

**CAUSE OF ACTION THREE**
**(Administrative Procedure Act)**

**THE ABCMR'S DECISION WAS CONTRARY TO LAW BECAUSE THE ABCMR FAILED TO APPLY APPLICABLE ARMY REGULATIONS BY DIRECTING A SPECIAL SELECTION BOARD WHEN PLAINTIFF'S MILITARY RECORDS CONTAINED MATERIAL ERORS.**

54. Plaintiff incorporates by reference herein paragraphs 8-33 of this Complaint.

55. The ABCMR's decision was contrary to law because the Board failed to direct an SSB when Plaintiff's records contained a material error.

56. Paragraph 3-19(d)(22) of AR 135-155 provides that records of officers or former officers will be referred to an SSB when "a review of a mandatory selection board finds that an officer's records contained a material error."

57. The Army has determined in its HQDA Policy Notice 600-4, paragraph 9(a), that the OER is "the basic and most important document in an officer's record."

58.     Thus, the absence of fourteen OERs within Plaintiff's 2005 promotion board file constitutes material error.[5] The ABCMR had a duty to consider these obvious, material omissions, but failed to even evaluate the missing OERs in its decision.

59.     Accordingly, the ABCMR's decision was contrary to law, and this Court should so hold.

## RELIEF

Wherefore, Plaintiff, by and through counsel, respectfully, requests that this Court:

(1) Hold that Defendant, through the ABCMR, has acted arbitrarily, capriciously, and in contravention of law by denying Plaintiff's application for correction of his military record and request for an SSB based on 2005 JAG Corps Reserve COL selection criteria, and that such denial is unlawful under the APA;

(2) Direct Defendant to convene an SSB based on 2005 JAG Corps Reserve COL selection criteria;

(3) Grant Plaintiff an award of reasonable costs and attorney fees incurred in this civil action pursuant to 28 U.S.C. § 2412; and

(4) Grant Plaintiff such other relief as the Court deems just and proper.

---

[5] The absence of even one OER from the promotion board's review would constitute material error. There were 14 missing reports from the 2005 promotion board's review; thus, 14 material errors.

Dated: May 17, 2023                                 Respectfully submitted,

*[signature: Carol Thompson]*
Carol A. Thompson
D.C. Bar No. 1658143
FEDERAL PRACTICE GROUP
1750 K Street Northwest, Suite 900
Washington, DC 20006-2317
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
cthompson@fedpractice.com
*Counsel for Plaintiff*